Sinnott, Judge,
delivered the opinion of the court:
This case was referred to the Court of Claims by the act of Congress of May 26,1924,48 Stat. 171, which is as follows:
“An act to confer jurisdiction upon the Court of Claims to ascertain the cost to the Southern Pacific Company, a corporation, and the amounts expended by it from December 1, 1906, to November 30, 1907, in closing and controlling the break in the Colorado Eiver, and to render judgment therefor, as herein provided.
“ Whereas at the request of President Eoosevelt, and under the stress of great emergency, from December 1, 1906, to November 30,1907, the Southern Pacific Company closed and controlled the break in the Colorado Eiver and thereby prevented the overflow and destruction of one million two hundred and fourteen thousand acres of irrigable land in the Imperial Valley in southern California, and saved to the Government the Laguna Dam and the Yuma reclamation project connected therewith in Arizona, as well as thousands of acres of other Government land along the Colorado Eiver:
“ Therefore
“ Be it enacted by the Senate and the Home of Representatives of the United States of America in Congress assembled, That the claim of the Southern Pacific Company, a corporation, against the United States for reimbursement and repayment to such company of the cost of said company and the amounts expended by it from December 1, 1906, to November 30, 1907, in closing and controlling the break in the Colorado Eiver, be, and such claim is hereby, referred to the Court of Claims, and full jurisdiction is hereby vested in *227 said court to ascertain the amounts actually expended and the actual costs incurred by the said Southern Pacific Company in closing and controlling said break within: said period and to render judgment in favor of said Southern Pacific Company and against the United States of America for such aggregate amounts, less such proportion of such expenditures and cost as would be fair and reasonable to be deducted as said company’s share of such expenditures and costs and the share of any subsidiary corporation of said Southern Pacific Company, because of the amount and probable value of the land and improvements thereon belonging at the time to said company, or any subsidiary corporation of said Southern Pacific Company, and which in the opinion of said court were saved by the closing and controlling of said break, as compared with the amount and probable value of the other land, improvements, and other property belonging at the time to the United States Government and occupants and settlers, and exclusive of railroad holdings, and holdings of any subsidiary corporation of said Southern Pacific Company, which, in the opinion of said court, were also saved by the closing and controlling of said break; with the right of appeal to both parties, and no statute of limitations shall apply to the right of recovery by said claimant. In ascertaining and determining aforesaid costs, expenses, facts, and matters, the court may receive and consider all papers, depositions, records, correspondence, and documents heretofore at any time filed in Congress, or with committees thereof, and in the executive departments of the Government, together with any other evidence offered.”
The reasons for referring the present case to the Court of Claims are set forth in the preamble of the above act of Congress. The findings of fact made in accordance with said act leave little for comment, except we may say that, considering the complicated issues of fact involved, the magnitude of the work performed and the large expenditures made therefor by plaintiff, it is notable that there is not a greater difference in the amount of the judgment contended for by plaintiff and defendant.
Plaintiff contends in its brief for $1,059,957.42. The defendant concedes in its brief the sum of $867,515.43, chargeable to the Government, if overhead expenses are properly allowable under the act, which it contends should not be greater than the sum of $38,077.31.
*228 We have allowed overhead expense in the sum of $105,-964.55, or $67,887.24 more than the defendant’s figures, so that our total judgment of $1,012,665.17 is $145,149.74 more than the defendant concedes is due plaintiff in case overhead expenses are allowed.
We believe that judgment herein, and without interest under the act of Congress, is a tardy recognition of and reimbursement for a great work performed, and large expenditures made over twenty years ago at the request of President Eoosevelt, which resulted in the saving from destruction of an immense acreage of land in the Imperial Valley, in southern California, and saved to the Government the Laguna Dam and Yuma reclamation project connected therewith in Arizona, as well as thousands of acres of other Government land along the Colorado Eiver, as is stated in the preamble of the above act and as is set forth in the findings of fact, aggregating $16,209,974.30 in value.
Judgment should be awarded plaintiff in the sum of $1,012,665.17. It is so ordered.
GeeeN, Judge, and Booth, Chief Justice, concur.
Geaham, Judge, took no part in the decision of this case; and Moss, Judge, took no part on account of illness.